**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| VIRGINIA HARDY, ) <br> as Personal Representative of ) <br> the DAVID BASS, deceased, ) <br> ) <br>      Plaintiff, ) <br> v. ) <br> ) <br> COFFEE COUNTY SHERIFF'S DEPARTMENT, ) <br>  a Municipal Corporation, COUNTY OF COFFEE, ) <br> a Municipal Corporation, and JOHN DOE 1–5, ) <br> Individually and Jointly, ) | No. _____ <br><br><br><br><br><br> JURY DEMAND |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, VIRGINIA HARDY, as Personal Representative of the ESTATE OF DAVID BASS, deceased, by and through her attorney, JEREMY W. PARHAM, and for her Complaint and Demand for Trial by Jury against the above- named Defendants, states as follows:

**JURISDICTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, against the above-named Defendants, in their individual capacities and/or as the entities in charge of running the institution wherein the events giving rise to this cause of action occurred, and/or based on the above-named Defendants being in charge of supervising the employees, agents, officers and all others entrusted with positions and responsibilities of the Defendants.

2. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343 and 1367.

3. The amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

1

## PARTIES

4. Plaintiff, VIRGINIA HARDY, the duly appointed Personal Representative of the ESTATE OF DAVID BASS, deceased, is a resident of the City of Estill Springs, County of Franklin, State of Tennessee. DAVID BASS (hereinafter referred to as "Plaintiff"), was at all materials times a resident of the City of Tullahoma, County of Coffee, State of Tennessee at the time of his death.

5. Defendants, JOHN DOE 1–5, at all times relevant to this Complaint, were officers at the COFFEE COUNTY SHERIFF'S DEPARTMENT and/or COFFEE COUNTY JAIL acting under color of law. These Defendants had the authority and responsibility for supervising the detainees of the COFFEE COUNTY JAIL and bore the responsibility for deciding whether or not a detainee would be provided medical treatment and/or otherwise sequestered in order to avoid causing physical harm to themselves or to others in the custodial care of the Defendants.

6. Further, and in addition hereto, Defendants, JOHN DOE 1–5, were at all times relevant to this Complaint police officers and/or agents for the COFFEE COUNTY SHERIFF'S DEPARTMENT and/or COFFEE COUNTY JAIL SYSTEM acting under color of law, and were prisoner detention officers in charge of the safekeeping of the persons, including Plaintiff, who were in the custody of the COFFEE COUNTY JAIL and/or COFFEE COUNTY SHERIFF'S DEPARTMENT; and, as prisoner detention officers, had a duty to provide for the care, safety and welfare of the persons, including the Plaintiff, who were in the custody and care of the COFFEE COUNTY JAIL SYSTEM and/or COFFEE COUNTY SHERIFF'S DEPARTMENT.

7. Defendant, COFFEE COUNTY SHERIFF'S DEPARTMENT, is a Municipal Corporation charged with operating the institution known as the Coffee County Jail and charged with the

supervision, including hiring, firing and/or disciplinary actions, of all officers, agents and other members of the COFFEE COUNTY SHERIFF'S DEPARTMENT, employed and otherwise entrusted with positions and responsibilities in the Coffee County Jail.

8. Defendant, COUNTY OF COFFEE, is a Municipal Corporation, in charge of running the institution known as the Coffee County Jail and charged with the supervision, including hiring, firing and/or disciplinary actions, of all officers, agents and other members of the COFFEE COUNTY SHERRIFF'S DEPARTMENT employed and otherwise entrusted with positions and responsibilities in the Coffee County Jail.

## FACTS

9. On or about May, 23, 2016, Bass was arrested on an outstanding warrant for attempted homicide by the Tullahoma City Police Department at his home in Tullahoma, Coffee County, Tennessee.

10. According to the allegations in the warrant, Bass allegedly set fire to his then-girlfriend, Dela Osterman, following an altercation at his residence.

11. Plaintiff was booked by the Tullahoma Police and transferred to the custody of the COFFEE COUNTY SHERRIF'S DEPARTMENT in the facilities operated and run by the COFFEE COUNTY, said facilities being otherwise known as the Coffee County Jail.

12. Plaintiff remained in the custody of the COFFEE COUNTY SHERRIF'S DEPARTMENT at the Coffee County Jail until his death due to the fact that he was unable to post bond.

13. Upon information and belief, it was made known and/or became known to other inmates located in Coffee County Jail the nature of the charges pending against the Plaintiff.

14. Upon information and belief, one or more inmates subsequently entered Plaintiff's cell in the Coffee County Jail on or about May 26, 2016, for the purpose of attacking and/or punishing the Plaintiff based upon their false belief that he had attempted to burn his girlfriend.

15. Upon further information and belief, JOHN DOE(S) 1-5 were on duty at the Coffee County Jail during this same time and were aware of the inmate(s)' plan to attack Plaintiff in his cell prior to the time such attack occurred.

16. Alternatively, upon information and belief, JOHN DOE(S) 1-5 were on duty at the Coffee County jail during this same time and failed to provide appropriate supervision of inmates and/or failed to protect Plaintiff attack by other inmates.

17. Upon further information and belief, JOHN DOE(S) failed to take any action necessary to prevent the inmate(s) attack on Plaintiff or stop the attack on Plaintiff once it had begun.

18. As a result of said attack, Plaintiff suffered a broken rib as set forth in the autopsy report, and was hung by a bedsheet in his cell until he died on May 26, 2016.

19. At all material times, Defendants were the exclusive custodians of Plaintiff following his transfer into their custody and were charged with the responsibility of monitoring the Plaintiff and those around him to ensure that Plaintiff's health and welfare would not be placed in jeopardy while Plaintiff was in the custody of the Defendants.

20. As a result of the willful and wanton, grossly negligent, reckless and otherwise negligent conduct of Defendants, the Plaintiff was brutally attacked, beaten, and stabbed resulting in his untimely death.

21. As a direct and proximate result of the willful and wanton, grossly negligent, reckless and otherwise negligent conduct of the defendant officers and employees, the Plaintiff suffered the following:

(a) Violation of Plaintiff's constitutional rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment;

(b) Violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure of the person;

(c) Violation of Plaintiff's constitutional rights under the Eighth Amendment to the United States Constitution to be free from violence at the hands of other inmates;

(d) Conscious pain and suffering; and

(e) Death.

22. The actions of the Defendants violated the following clearly established and well-settled constitutional rights of the Plaintiff:

(a) Freedom from unreasonable seizure of the person;

(b) Freedom from cruel and unusual punishment;

(c) Freedom from violence at the hands of other inmates, with respect to which Defendants failed to take reasonable measures to guarantee the safety of the Plaintiff and instead placed Plaintiff into conditions posing a substantial risk of serious harm and with deliberate indifference to the health and safety of the Plaintiff;

(d) Freedom from willful and wanton neglect while in the custody and custodial care of the Defendants;

(e) Freedom from grossly negligent treatment and handling while in the custody and custodial care of the Defendants; and

(f) Freedom from gross, reckless and otherwise negligent endangerment of life, health and well-being.

23. Plaintiff, VIRGINIA HARDY, on behalf of the estate and all individuals entitled to damages under the wrongful death act, requests all damages that are fair and just under the circumstances, including but not limited to the following:

   (a) Reasonable medical, hospital, funeral and burial expenses;

   (b) Reasonable and fair compensation for the pain and suffering the decedent experienced while he was conscious from the beginning of the attack until his death; and

   (c) Losses suffered by the next of kin as a result of the decedent's death, including the following: (i) loss of financial support; loss of services; loss of gifts and other valuable gratuities; other miscellaneous losses.

## COUNT I

### VIOLATION OF THE UNITED STATES CONSTITUTION AGAINST DEFENDANTS COFFEE COUNTY SHERIFF'S DEPARTMENT AND COFFEE COUNTY

23. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

24. As a result of their unlawful, malicious, reckless, and/or indifferent acts and/or omissions, Defendants individually, and in concert, conspired to and acted under color of law but contrary to law, and did deprive Plaintiff of the rights, privileges, or immunities secured under the United States Constitution as to Plaintiff's right to be free from an unreasonable seizure of his person, right not to be deprived of life, health and physical and emotional well-being, right to be free from cruel and unusual punishment, right to be free from violence at the hands of other prisoners and right to be provided protection for medical and other relief as guaranteed by Amendments IV, VIII and XIV of the United States Constitution.

25. Defendants knew and/or should have known that they had a legal obligation to protect the Plaintiff from assault, attack or other physical injury and knew and/or should have known that their actions and omissions created a substantial risk of serious physical injury to the Plaintiff. With deliberate indifference to the Plaintiff's personal safety, right to be free from cruel and unusual punishment, and right to be free from violence at the hands of other prisoners, Defendants failed to protect Plaintiff from substantial risk of serious harm while in the custodial care of the Defendants, in violation of the Plaintiff's rights under the United States Constitution and 42 U.S.C. §§ 1983, 1985 and 1986.

26. The deprivation of Plaintiff's rights constituted a risk of harm so grave that it violated contemporary standards of decency.

27. Defendants acted in derogation of the constitutional rights of the Plaintiff, including the right to be free from violence at the hands of other inmates, as evidenced by their deliberate indifference, willful and wanton neglect, gross negligence and deliberate abandonment of the rights of persons whom the Defendants put into custody or detention and the Plaintiff in particular. The Defendants knew or should have known that their procedures and policies, customs and practices which are enumerated herein and as follows were wholly defective:

    (a) Inadequately screening for medical purposes all incoming detainees for health histories in order to determine special medical and/or custodial holding needs;

    (b) Fostering a custom, outside of the written policy, to fail to protect those in the custodial trust of the Defendants and/or to fail to separately confine detainees known to be violent or aggressive;

    (c) Having a policy or practice of not monitoring or of inadequately monitoring detainees known, or who should have been known, to be violent or aggressive and

therefore allowing other persons in the custodial care of the Defendants to unnecessarily suffer violence at the hands of other inmates and impairment of physical health to the point that personal injuries and death are inflicted;

(d) Having a policy or practice of not sequestering or otherwise separating from the general prison population detainees known, or who should have been known, to be violent or aggressive and therefore allowing other persons in the custodial care of the Defendants to unnecessarily suffer violence at the hands of other inmates and impairment of physical health to the point that personal injuries and/or death are inflicted;

(e) Failing to properly train the Defendants in the adequate monitoring of serious illness and other evidence of malady and adverse health consequences while detainees sit in custody;

(f) Failing to properly train the Defendants in the adequate rendering of medical care and necessary medications so as to prevent adverse health consequences while detainees sit in custody;

(g) Failing to properly train the Defendants in the necessity of secluding and/or separating persons with violent or aggressive traits from others in the custodial care of the Defendants, and/or from otherwise making proper notation, inquiry and appropriate notification to the proper persons regarding attention, seclusion and/or separation required by those in custody in order to avoid causing harm to others in the custodial care of the Defendants, including violence at the hands of other inmates;

(h) Failing to discipline civilian and sworn members of the Defendants' Police

Department who are the custodians of detainees and who neglect those in their custody by failing to properly monitor detainees, failing to provide adequate, necessary and required custodial safety measures, and allowing detainees to suffer impairment of physical health to the point of suffering personal injuries and/or death as a consequence, including violence at the hands of other inmates. Plaintiff alleges on information and belief that numerous other persons have suffered death or harm in the same or similar manner as alleged herein and that those identities will be learned through discovery;

(i) Ratifying the wrongful conduct of employees in the past who have been culpable for deliberately, recklessly, wantonly, willfully and grossly negligently failing to monitor, failing to get medical help, failing to administer medications and/or other required medical procedures and/or other assistance, and failing to timely sequester or otherwise monitor persons in custody known to be suffering from various injury symptoms or other illness and who have caused or are a threat to cause others in the custodial of Defendants to suffer impairment of physical health as a consequence, including violence at the hands of other inmates. Despite the casual connection between the woeful conduct as alleged, no employee suffered adequate sanction or scrutiny.

28. These policies, customs and practices were carried out with deliberate indifference, willful and wanton disregard and with the spirit of gross negligence, and were the direct and deliberate cause of the constitutional deprivations of the Plaintiff of his rights to liberty, due process, to be free from cruel and unusual punishment, to be free from gross, reckless and otherwise negligent endangerment of life, health and physical well- being, and right to fair and just treatment, including fair and just treatment in the investigation of a claim of misconduct and police abuse.

## COUNT II
## FEDERAL STATUTORY AND UNITED STATES CONSTITUTIONAL VIOLATIONS AGAINST THE INDIVIDUAL DEFENDANTS, JOHN DOE 1-5

29. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

30. Plaintiff claims damages for wrongful death, conscious pain and suffering, physical injuries, and all other damages alleged herein, under 42 U.S.C. §§ 1983, 1985, 1986, 1988, as well as any other analogous provisions of the United States Constitution, against all individual Defendants, John Doe 1-5, for violation of Plaintiff's constitutional rights under color of law.

## COUNT III
## TENNESSEE STATUTORY AND CONSTITUTIONAL VIOLATIONS AGAINST THE INDIVIDUAL DEFENDANTS, JOHN DOE 1-5

31. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

32. Pursuant to T.C.A. § 20-5-113, as well as under the Constitution of the State of Tennessee, Article 1, Sections 13, 32 and 35(b), Defendants, John Doe 1-5, owed a duty to the Plaintiff to exercise reasonable care to protect the Plaintiff from assault, attack or other substantial risk of serious physical injury. Despite the aforementioned duties, Defendants John Doe 1-5, did with deliberate indifference compromise the Plaintiff's personal safety, right to be free from cruel and unusual punishment, and right to be free from violence at the hands of other prisoners, in violation of the State of Tennessee statutes and Constitution.

33. As the direct and proximate result of the individual Defendants above cited gross negligence and willful and wanton misconduct, Plaintiff was killed.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST THE INDIVIDUAL DEFENDANTS, JOHN DOE 1-5

34. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

35. Defendants knew other inmates were prone to violence or planned to attack Plaintiff making them a substantial risk of harm to Plaintiff and other detainees of the Coffee County Jail.

36. Each sworn officer was in a position individually or collectively to act in a manner and take precautions and/or other actions so that Plaintiff would not be caused to be attacked and suffer personal injuries and/or death, but instead any and all of the Defendants intentionally and deliberately ignored this responsibility.

37. By the nature of this conduct, Defendants' intentional behavior specifically and in the totality was outrageous, atrocious and utterly intolerable in a civilized society.

38. As a direct and proximate result of the Defendants' intentional acts, omissions, and conduct, inmates were left with access to the Plaintiff's cell, and left unsupervised, resulting in the brutal unprovoked assault on the Plaintiff.

39. As a further direct and proximate result of the actions and conduct described herein, Plaintiff was killed.

## COUNT V
## CLAIM FOR REASONABLE COSTS, DISBURSEMENTS AND ATTORNEY FEES IN BRINGING ACTIONS UNDER 42 U.S.C. §§ 1983, 1985, 1986 PURSUANT TO 42 U.S.C. § 1988 AS TO ALL DEFENDANTS

40. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

41. Defendants conspired, acted in furtherance of a conspiracy, and caused actual deprivation of Plaintiff's civil rights under color of law in violation of the applicable sections cited herein.

42. As a direct and proximate result of said actions, Plaintiff, to restore himself to his prior condition, is forced to bring suit against Defendants under the applicable statutes cited herein.

43. Plaintiff, therefore, is entitled under 42 U.S.C. § 1988, and other applicable sections, to recover reasonable costs, disbursements, and attorney fees on his Claim for Relief.

**WHEREFORE, BASED UPON THE FOREGOING**, Plaintiff respectfully requests that this Honorable Court grant to Plaintiff the following relief:

1. Award compensatory damages in excess of Five Million ($5,000,000) Dollars;
2. Award punitive and/or exemplary damages;
3. Award actual costs, interest and attorney fees;
4. For a jury to hear the trial of this action; and
5. Grant such other and further relief consistent with law and which this Honorable Court deems just and proper under the exercise of its discretion.

Respectfully submitted,

s/Jeremy W. Parham, TN BPR #022222
Parham Law Offices
5505 Edmondson Pike, Ste. 102
Nashville, TN 37211
Phone: 615-256-4050
Email: jparham@parhamlawoffice.com